IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

(EASTERN DIVISION)

FILED

MAR 27 2019

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No: 1:15CR263 |
| Plaintiff, | ) | 1:18CV2586 |
| Respondent, | ) | |
| v. | ) | Defendant-Petitioner Kenneth A. |
| KENNETH A JACKSON, | ) | Jackson's Motion for Leave |
| Defendant, | ) | to File Traverse and Traverse |
| Petitioner, | ) | |

Defendant-Petitioner, Kenneth A. Jackson (pro se), Hereby requests leave to file this traverse to the government's response, filed in this case with the court on March 4th 2019, but not served on Jackson until March 21st 2019. The particular reason for this request are as follows:

1) The government was <u>not responsive</u> as required by rule 5 on the following issues raised in Jackson's petition:

A) Whether or not Jackson was denied his Constitutional Right to Due Process on Direct Appeal as Outlined in issue #1 of the petition. The government admits, and Jackson agrees that attorney Tom Conway objected at every turn as to the use of the prior convictions at trial. As a matter of fact, the petition alledges that attorney Conway objected until the court informed him that "further objections were not necessary" and the issue was "preserved for appeal." (see issue #1 of the petition).

(1)

The government goes on to argue that <u>had the Appeals Court found the issue properly preserved</u>, it wouldn't have changed the outcome of the appeal. For the government to decide what the Appeals Court, "would have done" if it found the issue "properly preserved" is a violation of due process and renders the appeal process meaningless. The issue of the use of the prior conviction should have been reviewed by the 6th Circuit Appeals Court as a preserved issue, as this court, the government, and all defense attorneys involved in this case believed that the issue was preserved for appeal. Jackson not only challenged the way the prior was used on his appeal including the "direct proof" issue, he joined all other appeal briefs of co-defendants, as they all had the same issues-(Appellate Rule 28 i).

The record is clear, but if needed, an evidentiary hearing with attorney Conway and the other attorneys would establish this position. This court should send this issue back to the 6th Circuit for decision, as if preserved, or grant a Certificate of Appealability.


2) The SEC disgorgement order is clearly an "enforcement action or proceeding" as defined in <u>Kokesh v. SEC</u>, 137 S. Ct. 1635 (2017), and is subject to the five year Statute of Limitations, as the government seeks disgorgement of assets obtained 25 years later, hardly assets subject to disgorgement.

    A) The government was non-responsive to the petition as to the method it used the disgorgement order to extort money from the petitioner, and testimony, after he had asserted his 5th ammendment rights at a debtor's exam, and created the money laundering charge by demanding (The SEC) that the money come from MSS. (See issue #2 of the petition).

    Regardless, it is clear from the record that the money paid to the SEC and the attorney fees were monies Jackson (petitioner) was entitled to under the Asset Purchase Agreement and Promissory Note disclosed in the prospectus. That

is why the money paid to Schur Partnership first, then back to MSS, hardly consistent with the government's contentions that petitioner was trying to conceal or "launder" the money paid to the government.

3) The government was not responsive to issue #3 of the petition relating to whether or not counsel was ineffective for not requesting jury instructions on the definition of "Sophisticated Investor," Public v. Private Company Reg D exemptions, nor were they (the jury) instructed that ommisions liability under 15 USC 77 ff arises only when the defendant knowingly fails to disclose information that he knew he had an obligation to disclose. "Knowingly," is an element of the offense and all of the evidence and testimony shows that defendant did not believe there was a legal obligation to disclose 20+ year old conviction. (See testimony of Jackson and Schureck and appeal briefs of all four defense/appeal attorneys) which also believed it did not legally need to be disclosed under securities laws. Additionally, the jury should have been instructed under securities laws on Sophisticated Investor-and the subscription agreement they signed, including the risk factors such as "This product requires regulatory approval, we do not have regulatory approval and if we get it, we may not be able to keep it." (See Subscription Agreements & Risk Factors), signed by each investor at the time of investment.

4) The government was not responsive to issue #4 of the petition as it relates to the jury not being admonished, or instructed at the time the priors were introduced in addition to the end of the trial. This was very important, given the prosecutor's improper opening statements and misstatements of facts. There is no way the jury could have had an open mind during the trial without instruction at the time the evidence was introduced consistent with the Sixth Circuit Rule 7.13 N and notation. (See issue #4 of the petition)

5) The government made a misstatement of fact in the response to claim "Petitioner did not specify what expert witnesses would testify to. (See issue #5) In addition the government was non-responsive as to the jury being denied their request for

an index of the evidence for the reasons outlined in issue #5 of the petition, including the claims of ineffective assistance of counsel. (See issue #5)

6) The government was non-responsive as to issue #6 of the petition insofar as it relates to due process on direct appeal. (See issue #6)

7) The government misstated facts when it said "Petitioner agreed to an 18 point enhancement" when the fact is petitioner vehemently objected to any enhancement, and this issue was preserved for appeal. The judgement order did not specify that an ammended order would be filed, so petitioner's due process rights to direct appeal were denied. (See issue #7)

8) The government was non-responsive as to issue #8 of the petition. Petitioner did not challenge the issue of whether or not civil case should have pre-emped the criminal case. Rather, petitioner challenges the court not considering, nor the defense attorney not raising the issue of Corporate Liability on the Securities charges: This was addressed in oral arguments as outlined in the petition. (See issue #8) The Corporation (MSS) should be the liable party to the investors if Security Laws were violated.

9) Issue #9 in the petition generated a generic response from the government that 15 USC 78 (J)(B) and 15 USC FF(a) are not unconstitutionally vague. The government's response was that petitioner did not demonstrate this. Petitioner states that he has offered proof through the entire Appeals process and at least 4 defense lawyers and appeal's lawyers argue that there is no duty to disclose convictions over 10 years old, and the government, and the court, find the opposite. (See issue #9)

10) The government responds to issue #10 of the petition, by again, spewing misstatements of facts that are easily proven false by a simple review of the record.

A) The Needlezap patent was listed in the prospectus as a _competitive_ device—not as the patent on the Sharps Terminator. The government relies on one witnesses

(4)

testimony, Hamid Hekmation, who claimed petitioner told him it was the patent for the Sharps Terminator. Under cross-examination he admitted he could not locate the e-mail and was trying to raise money for his own device. Petitioner denies he <u>ever</u> indicated it was represented as anything else.

    B) Andy Lapointe did not redesign 95% of the device, this was proven false at trial and in the final design drawings submitted in the new trial motion, petitioner believes any jury with an open mind would have found the device was designed, invented, and gained the patent and FDA approval solely from the efforts of the petitioner Jackson, and his co-defendants. (See Motion for new trial) The record is so clear when compared to the evidence in the final drawings, Lapointe should be charged with perjury.

    This court should grant the appropriate releif as requested in the petition.

 

                                                    Respectfully Submitted,

                                                    Kenneth A. Jackson

                                                   61113-060

                                                   FCI Elkton

                                                   PO Box 10

                                                   Lisbon, Oh. 44432